UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| TMX HEALTHCARE TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO._____ |
| HALIFAX MEDICAL CENTER HOSPITAL, | ) ) ) | |
| Defendant. | ) ) | |

## **<u>COMPLAINT</u>**

The plaintiff, TMX Healthcare Technologies, LLC ("TMX"), for its

Complaint against the defendant, Halifax Medical Center Hospital ("Halifax"),

states as follows:

<u>Parties</u>

1.     TMX is a limited liability company organized under the laws of the

State of Delaware with its principal place of business in the State of Indiana. The sole

member of TMX is TriMedx, Inc.

2.     TriMedx, Inc. is a corporation organized under the laws of the State of

Indiana with its principal place of business in the State of Indiana.

3.     TMX and TriMedx, Inc. are citizens of the State of Indiana.

4.     Halifax is a special tax district organized under the laws of the State of

Florida with its principal place of business in Volusia County, Florida.

5.     Halifax is a citizen of the State of Florida.

Venue and Jurisdiction

6.     The matter in controversy in this action exceeds the sum or value of $75,000 exclusive of interest and costs. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Halifax is located in this judicial district, and a substantial part of the events or omissions giving rise to the claim that is the subject of this action occurred in this judicial district.

8.     TMX and Halifax agreed that venue in this Court is appropriate for an action such as this, as Volusia County, Florida is within this judicial district.

Facts

9.     In July 2016, TMX and Halifax executed a written agreement with an effective date of August 1, 2016 and expiration date of July 31, 2021. This agreement, including all of its exhibits, is referred to in this Complaint as the "Agreement."

10.     At the time the parties entered into the Agreement, TMX was known as Aramark Healthcare Technologies, LLC.

11.     The Agreement required TMX to, among other things, provide certain services, described in the Agreement. The Agreement defined such services that TMX agreed to provide as the "Services." The Services included Healthcare

2

Technologies Services, which included Technology Management Services, SM Services, and CM Services.

12.    The Agreement required Halifax to, among other things, pay TMX for providing the Services in accordance with the Agreement's terms, and to pay TMX all amounts due under the Agreement within 30 days of the invoice date (the "Timely Payment Requirement").

13.    The Agreement required that, among other things, if Halifax in good faith believed it did not owe all or part of an amount reflected on an invoice from TMX, and if Halifax advised TMX of such a belief within 14 days of the invoice date and timely paid any undisputed amounts, then any obligation to pay the amount due would be tolled for a period of 14 days, and during this tolling period, TMX and Halifax were required, in good faith, to use their best efforts to resolve the dispute including, at either party's request, a meeting or call between the parties' chief financial officers (the "Invoice Dispute Requirement").

14.    The Agreement imposed on Halifax a duty of good faith, fair dealing, and commercial reasonableness.

15.    On or about August 3, 2020, Halifax sent to TMX a letter signed by Kevin Noel providing a 90-day notice of termination of the Agreement without cause, and identifying November 3, 2020 as the end date of the term of the Agreement.

US.133998165.01

16.     TMX fully or substantially performed its obligations under the Agreement, including without limitation its obligation to provide Services to Halifax.

17.     During the term of the Agreement, Halifax did not fully pay all invoices that it received from TMX within 30 days of the invoice date.

18.     During the term of the Agreement, Halifax did not advise TMX of a belief that it did not owe all or part of an amount reflected on an invoice from TMX within 14 days of the date of such invoice while paying any undisputed amounts and, in good faith, using its best efforts to resolve any such dispute, as required by the Agreement.

19.     Following the termination of the Agreement, Halifax owed, and continues to owe, money to TMX under the Agreement in excess of $75,000, exclusive of costs and expenses.

20.     During the term, and following the termination, of the Agreement, TMX asked Halifax to fully pay the amounts it owed to TMX under the Agreement, but Halifax refused to do so, including such amounts that Halifax did not dispute.

21.     In November 2020, Halifax caused two checks to be sent to TMX in amounts that would have constituted partial payment of the outstanding amounts that TMX had invoiced to Halifax. However, Halifax stopped payment on the two checks before they could be deposited by TMX.

22.     During the term of the Agreement, Halifax breached its obligations under the Timely Payment Requirement.

US.133998165.01

23.     During the term of the Agreement, if Halifax in good faith believed it did not owe all or part of an amount reflected on an invoice from TMX, it breached its obligations under the Invoice Dispute Requirement.

24.     Following the termination of the Agreement, Halifax has remained in breach of the Timely Payment Requirement, as it has not paid the amounts it owes to TMX under the Agreement, which exceed $75,000.

25.     During the term, and following the termination, of the Agreement, Halifax breached its duty of good faith, fair dealing, and commercial reasonableness.

26.     Halifax expressly agreed in the Agreement that the failure by Halifax to comply with the Timely Payment Requirement would constitute a material breach of the Agreement.

27.     The Agreement entitled TMX to suspend its performance under the Agreement until all past due amounts were paid in full if any amount remained outstanding 30 days after such amount was due.

28.     Halifax's failure both during the term, and after the termination, of the Agreement to timely pay all amounts under the Agreement was, and remains, a material breach of the Agreement.

29.     Halifax failed both during the term, and after the termination, of the Agreement to fully or substantially perform its obligations under the Agreement.

5

30.    The Agreement provides that if TMX incurs legal fees in enforcing its right to payment under the Agreement, Halifax shall reimburse TMX for those fees and costs.

31.    TMX has incurred, and continues to incur, legal fees and costs in enforcing its right to payment under the Agreement.

32.    All conditions precedent to TMX's claim in this action for breach of contract have been performed, have occurred, or have been excused.

<u>COUNT I: BREACH OF CONTRACT</u>

33.    TMX incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.    The Agreement was a valid and enforceable contract between TMX and Halifax.

35.    Halifax breached, and continues to breach, the Agreement.

36.    Halifax's breach of the Agreement has caused TMX to incur damages.

37.    Halifax is liable to TMX for the damages that its breach of the Agreement has caused TMX to incur, and for the legal fees and other costs that TMX has incurred, and continues to incur, in enforcing its right to payment under the Agreement, including without limitation such fees and costs relating to this action.

WHEREFORE, the plaintiff, TMX, requests that the Court enter judgment in its favor and against the defendant, Halifax: (a) awarding TMX damages for

6

Halifax's breach of the Agreement; (b) awarding TMX its legal fees and other costs incurred in enforcing its right to payment under the Agreement; (c) awarding TMX the costs of this action; (d) awarding TMX prejudgment interest; and (e) awarding TMX all other relief to which it is entitled.

Dated: August 2, 2021                 Respectfully Submitted,


*/s/ Traci T. McKee*

Traci T. McKee, Esq., Attorney No. 53088
FAEGRE DRINKER BIDDLE & REATH LLP
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 312-7028
traci.mckee@faegredrinker.com
*Admitted only in Florida; supervision by principals of the firm admitted to the D.C. bar*

Emanuel L. McMiller, Esq., Attorney No. 1025242
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Tel:  317. 237.0300
manny.mcmiller@faegredrinker.com


*Attorneys for TMX Healthcare Technologies, LLC*

US.133998165.01